UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTER DIVISION

TROLL SMOKEHOUSE,
A Michigan Corporation

                                                          Case No. 21-12332

            PLAINTIFF,

v.

REICH a German Corporation, and                  Sean F. Cox
BRILTRAN LLC, and Ohio Corporation,              United States District Court Judge


            DEFENDANTS.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT REICH'S MOTION TO DISMISS

### INTRODUCTION

This is a breach of contract case.  Plaintiff Tri-City Cheese & Meats Inc. d/b/a Troll

Smokehouse ("Tri-City") alleges that Defendants Reich Thermoprozesstechnik GMBH, ("Reich")

and BrilTran LLC ("BrilTran") breached their contract for the sale and installation of a "REICH

Artie ICH air master IC 10000 BE G 505 H, special dimension" smoker.  The matter is currently

before the Court on Defendant Reich's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b) and

*forum non conveniens*.  The parties have briefed the issues and the Court heard oral argument on

September 29, 2022.  For the reasons explained below, the Court **DENIES** Defendant's Motion to

Dismiss.

### BACKGROUND

Tri-City's Complaint alleges: (1) Breach of Contract (Count I); (2) Breach of Implied

Warrranty of Fitness and Merchantability (Count II); (3) Breach of Express Warranty (Count III);

(4) Negligence by Defendant BrilTran (Count IV); (5) Negligent Hiring by Defendant Reich (Count V). (Compl. at 6–11).

Tri-City alleges it contacted BrillTran to purchase a "REICH Artie ICH air master IC 10000 BE G 505 H, special dimension" also known as a "smoker". (Compl. at ¶8–9). Defendant Reich issued an "Order Confirmation" to Defendant BrilTran on July 17, 2020. (Layer Decl. Ex. 1 at 2, ECF No. 22-1, PageID.375). The Order Confirmation contained a forum selection clause. *Id.* at PageID.377.  The forum selection clause states:

> "[T]he business seat of REICH shall be both place of performance and place of jurisdiction…However, REICH shall be entitled to sue the purchaser also at the competent court of purchaser's residence. Regardless of the seat of the party to the contract, the parties shall hereby choose exclusively the laws of the Federal Republic of Germany for the purposes of this contract."

(Horst Decl. Ex. A at 2–3, ECF No. 23-1, PageID.382–83) (translated).  Tri-City was not a party to either the sales document or the Order Confirmation but was either listed (Compl. Ex. 1) or named as a reference (Layer Decl. Ex. 1, Page ID.375).  While Tri-City is referenced on both the Order Confirmation (which contains the forum selection clause) and the sales document, there is no evidence Tri-City received either the Order Confirmation (or the forum selection clause within) or the sales document. (Layer Decl. Ex. 1; ECF No. 24, PageID.396). (The Order Confirmation (Layer Decl. Ex. 1) and the sales document (Compl. Ex. 1), are together referred to as "the contract".)

On June 8, 2022, Reich filed a Motion to Dismiss Plaintiff's Complaint on *forum non conveniens* grounds. (Def.'s Mot., ECF No. 21).  On June 29, 2022, Tri-City filed its Response to Reich's Motion. (Pl.'s Resp.).  On July 13, 2022, Reich filed their Reply Brief in Further Support of their Motion to Dismiss. (Def.'s Reply, ECF No. 26).  The Court heard oral argument on September 29, 2022.

**Applicable Legal Standard**

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint.  To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.  Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678.  In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

**ANALYSIS**

Reich's Motion to Dismiss asks that this Court dismiss the case under the doctrine of *forum non conveniens*. (Def.'s Mot. at 1).  "Where a forum selection clause points to foreign forum, the appropriate way to enforce it is through the doctrine of forum non conveniens." *Delta Alcohol Distributors v. Anheuser-Busched Intern., Inc.*, 28 F. Supp. 3d 682, 690 (E.D. Mich. 2014) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013)).

Generally, "dismissal on *forum non conveniens* grounds is appropriate when the defendant establishes, first, that the claim can be heard in an available and adequate alternative forum and, second, that the balance of private and public factors listed in [*Gulf Oil Corp. v. Gilbert*, 67 S.Ct. 839 (1947)] . . . reveals that trial in the chosen forum would be unnecessarily burdensome for the defendant." *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006). However, where there is an applicable forum-selection clause, a court must change its analysis, and the forum-selection clause should be "given controlling weight in all but the most exceptional cases." *Ingenium Tech. Corp. v. Beaver Aerospace & Defense, Inc.*, 122 F. Supp. 3d 683, 690-91 (E.D. Mich. 2015 (quoting *Atl. Marine*, 571 U.S. at 63).

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Atl. Marine*, 571 U.S. at 64. Thus, if a court finds there is a valid and enforceable forum-selection clause, the court will only consider the public interest factors, i.e., the second element of a traditional analysis in a modified form of the *forum non conveniens* analysis. *Id.* at 51. If it does not find a valid and enforceable forum-selection clause, the analysis is concluded.

### A. Is this a valid and enforceable forum selection clause?

First, this Court must determine whether this is a valid and enforceable forum selection clause. *Lakeside Surfaces, Inc. v. Cambria Company, LLC*, 16 F.4th 209 (6th Cir. 2021). Courts distinguish between two kinds of forum selection clauses: permissive and mandatory. A mandatory clause contains language dictating an exclusive forum for litigation, while a permissive clause allows for a choice of forum. *GE v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994). For example, in the Sixth Circuit, "shall" in a forum selection clause is deemed mandatory language. *Id.* at 1099.

4

In this case, the forum selection clause states:

"[T]he business seat of REICH shall be both place of performance and place of jurisdiction…However, REICH shall be entitled to sue the purchaser also at the competent court of purchaser's residence. Regardless of the seat of the party to the contract, the parties shall hereby choose exclusively the laws of the Federal Republic of Germany for the purposes of this contract."

(Horst Decl. Ex. A at 2–3, ECF No. 23-1, PageID.382–383) (translated). Tri-City argues that the language suggests the forum selection clause is *permissive* because it allows "both place of performance and place of jurisdiction" to be the "business seat of REICH." (Pl.'s Compl. at 10). In other words, Tri-City believes the language indicates "the place of performance" is TriCity's location in Michigan, and "the place of jurisdiction" is Germany.

Reich argues this same language is *mandatory* because (1) of its use of "shall" and (2) otherwise stated, the language means "the place of performance and place of jurisdiction" "shall be" the "business seat of REICH." (Def.'s Mot. at 7–8).

This Court agrees with the Reich's interpretation. On its own, the translated sentence "the business seat of REICH shall be both place of performance and place of jurisdiction" is indeed ambiguous. *Id.* But, when read with the remainder of the section, the ambiguity is resolved.

"However," indicates an exception to what was previously stated. If the Court interprets the first sentence as meaning that the business seat of Reich is *either* the place of performance (Michigan) or the place of jurisdiction (Germany) then the following statement "[h]owever, REICH shall be entitled to sue the purchaser…[at] the purchaser's residence [in Michigan]" would be redundant. (Horst Decl. Ex. A at 2–3).

Instead, the better interpretation is Reich's. The language should be read as: Germany, the business seat of Reich, is both the place of performance and place of jurisdiction in this case. However, Reich shall be entitled to sue the purchaser…[at] the purchaser's residence [in

Michigan].  Further, when read with third and final sentence, there is little doubt that the Reich's interpretation is correct: "Regardless of the seat of the party to the contract, the parties shall hereby choose exclusively the laws of the Federal Republic of Germany for the purposes of this contract." (Horst Decl. Ex. A at 2–3).  In other words, no matter where the parties reside, the contract falls under the laws of Germany.

This interpretation suggests that the clause is mandatory because it binds the parties to Reich's jurisdiction in Germany.  This Court thus finds that the contract contains a valid, enforceable, and mandatory forum selection clause, suggesting Germany is the agreed-upon selected forum.

### B.  Is Tri-City bound by this forum selection clause?

The next question is whether this mandatory clause is enforceable against the Plaintiff.  The Sixth Circuit has held that a non-signatory to a contract may be bound by a forum selection clause in a "contract if the non-signatory is so sufficiently 'closely-related' to the dispute that it is foreseeable that the party will be bound." *Villanueva v. Barcroft*, 822 F. Supp. 2d 726, 737 (N.D. Ohio 2011).

The Sixth Circuit has not explicitly defined the term "closely related."  Instead, the test for determining whether a party is "closely related" is a "common sense" test. *Holtzman v. Village Green Mgmt. Co. LLC*, 2020 U.S. Dist. LEXIS 8235, *7 (E.D. Mich. Jan. 17, 2020); *Regions Bank v. Wyndham Hotel Mgmt., Inc.*, 2010 U.S. Dist. LEXIS 23371, *5 (M.D. Tenn. Mar. 11, 2010). The test considers the "totality of the circumstances to determine whether, 'in light of [the] circumstances, it is fair and reasonable to bind a non-party to the forum selection clause.'" This allows a "range of transaction participants, parties, and non-parties" whose conduct is both

"closely related" and benefits from the transaction at issue to be included. *Holtzman v. Village Green Mgmt. Co. LLC*, 2020 U.S. Dist. LEXIS 8235, at *20 (E.D. Mich. Jan. 17, 2020).

Here, both parties agree that Tri-City is a non-signatory to the contract, did not receive a copy, or have knowledge of its contents. (Def.'s Mot. at ¶4; Pl.'s Resp. at 3, 5). Defendants Reich and BrilTran are parties to the contract while Tri-City is named only as a reference. (Compl. Ex. 1; Layer Decl. Ex. A). The parties also agree that "[t]here is no evidence that either Defendant made Tri-City aware of or that Tri-City had any knowledge of the forum-selection clause." (Pl.'s Resp. at 5). At oral argument, Reich even acknowledged that it had no contact with Tri-City until after sending BrilTran the Order Confirmation. (Hr'g Tr.).

Tri-City argues that because it is not a party to the contract, is not an agent of the signatories to the contract, has no legal relationship to the signatories, and functioned only as the purchaser, it cannot be bound by the forum selection clause in the contract. (Pl.'s Resp. at 5). Tri-City further argues it did not "negotiate, draft, or otherwise participate in the sales order…" and could not "reasonably foresee that it would be subjected to an agreement between the Defendants." *Id.* Thus, Plaintiff argues it cannot be considered "closely related" enough to be bound by the forum selection clause.

Reich argues Tri-City is bound by the forum selection clause. Reich believes that as the named third-party beneficiary and the ultimate purchaser in the sale, Tri-City is "closely related" enough to the contract that it was foreseeable that they would be bound. (Def.'s Mot. at 9–11).

This Court agrees with Tri-City. Tri-City was certainly the impetus for the sale, but this Court is not persuaded that Tri-City was "closely related" enough to be bound by the forum selection clause. Tri-City was not a signatory to the contract between Defendants. Tri-City did not receive the Order Confirmation or the forum selection clause found therein. Reich had no

7

contact with Tri-City until after the Order Confirmation was issued between the Defendants.  Tri-City was a third-party beneficiary to the sale, but without evidence of receiving the Order Confirmation or the forum selection clause, the Court finds it was not foreseeable that Tri-City would be bound.  To claim otherwise would go against what is fair and reasonable under the circumstances.  Tri-City is thus not closely-related enough to the contract, sale, or dispute for it to be foreseeable that it would be bound by the forum selection clause between the Defendants. This Court therefore finds that Tri-City is not bound by the forum selection clause in this case.

Therefore, the Court **DENIES** Defendant's Motion to Dismiss.

### CONCLUSION & ORDER

For the reasons stated above, **IT IS ORDERED** that the Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 14, 2022                                    s/Sean F. Cox
                                                                        Sean F. Cox
                                                                        U. S. District Judge