UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRI-CITY CHEESE & MEATS, INC.,
d/b/a TROLL SMOKEHOUSE,

   PLAINTIFF,

Case No. 21-12332

v.

REICH a German Corporation, and
BRILTRAN LLC, and Ohio Corporation,

Sean F. Cox
United States District Court Judge

   DEFENDANTS.
_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Tri-City Cheese & Meats Inc. d/b/a Troll Smokehouse ("Tri-City") filed this action asserting multiple claims against Defendants Reich Thermoprozesstechnik GMBH, ("Reich") and BrilTran LLC ("BrilTran"). Defendant Reich has since been dismissed from this case. (ECF No. 70). The matter is currently before the Court on Plaintiff's motion for default judgment. The Court held an evidentiary hearing on Tri-City's motion for default judgment on April 11, 2024.

Having carefully reviewed Tri-City's First Amended Complaint, motion for default judgment, supplemental brief, and testimony at its evidentiary hearing, the Court concludes that Tri-City is entitled to a default judgment against BrilTran in connection with the breach of contract claim asserted against it in Count I, in the amount of $1,577,549.66. The Court will therefore **GRANT** Tri-City's motion as to Count I. However, Tri-City is not entitled to default judgment against BrilTran as to Counts II–VI and the Court declines to award any damages in relation to

1

those counts. Counts II – VI are therefore **DENIED and DISMISSED** with prejudice for the reasons that follow.

## BACKGROUND

Tri-City filed its Complaint on October 4, 2021. (ECF No. 1). On December 2, 2021, Tri-City filed its First Amended Complaint ("FAC"), which is now the operative complaint in this case. (ECF No. 7). The FAC includes seven counts:

(1) Breach of Contract (Count I);

(2) Breach of Implied Warranty of Merchantability (Count II);

(3) Breach of Implied Warranty of Fitness for a Particular Purpose (Count III);

(4) Breach of Express Warranties (Count IV);

(5) Innocent Misrepresentation (Count V);

(6) Negligence of Defendant BrilTran (Count VI); and

(7) Negligence of Defendant Reich (Count VII).

(ECF No. 7). The motion now before the Court is Tri-City's motion for default judgment. (ECF No. 72). Tri-City is pursuing the first six claims in relation to its default judgment motion against BrilTran. (ECF No. 76).

The Court held an evidentiary hearing on Tri-City's motions for default judgment on April 11, 2024. At that hearing, Tri-City's counsel argued that Tri-City is entitled to the following damages:

(1) That Plaintiff is entitled to the following economic damages for Count I- Breach of Contract:

    a. $209,000 for the cost of the smoker;

    b. $1,000 for the cost of the smokehouse rods;

      c. $18,800 for the cost of smokehouse trucks;

      d. $3,309.66 for the cost to repair of the rods;

      e. $150,000 for the cost of farming out work projected out for 3 years;

      f. $380,000 for the purchase of a new smoker;

      g. $1,195,440 for loss of contracts and products;

(2) That Tri-City sustained the same above-named economic damages for Count II- Breach of Implied Warranty of Merchantability;

(3) That Tri-City sustained the same above-named economic damages for Count III- Breach of Implied Warranty of Fitness for a Particular Purpose;

(4) That Tri-City sustained the same above-named economic damages for Count VI- Breach of Express Warranties;

(5) That Tri-City sustained the same above-named economic damages for Count V- Innocent Misrepresentation;

(6) That Tri-City is entitled to the following economic damages for Count VI- Negligence:

      a. $26,310.16 for cost of new refrigeration system needed;

      b. $85,722 for cost of total rewiring needed for the smoker; and

      c. $28,408.80 for loss of product thrown out.

(4/11/24 Hr'g Tr.).

## ANALYSIS

Pursuant to Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. Once a default has been entered by the Clerk's Office, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *see also Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006).

*If* the plaintiff's well-pleaded allegations are sufficient to support a finding of liability as to the defendant on the asserted claims, then the court should enter a judgment in favor of the plaintiff as to the defaulted defendant. *Id.*

Where damages are unliquidated, a default admits only the defendant's liability and the amount of damages must be proved. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Where liability for a given claim has been established by the factual allegations in the complaint, the plaintiff still must establish the amount of damages. The burden of establishing damages rests squarely on the plaintiff seeking the default judgment. *Flynn v. People's Choice Home Loans, Inc.*, 440 F.App'x 452, 455 (6th Cir. 2011). *Id.* Thus, this Court must make an appropriate inquiry in order to ascertain the amount of damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). A "district court's determination of damages pursuant to a default judgment" is reviewed for an abuse of discretion. *Flynn*, 440 F.App'x 455.

Pursuant to Fed. R. Civ. P. 54, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

With these concepts in mind, this Court will proceed to analyze Plaintiff's claims in its motion for default judgment and in its evidentiary hearing.

**A. Tri-City's Requests for Default Judgment and Damages Relating to Counts I–V**

Tri-City's breach of contract claim (Count I) is based upon an agreement between Tri-City, BrilTran, and Reich for the sale and installation of a "REICH Artie ICH air master IC 10000 BE G 505 H, special dimension" smoker (hereinafter, "the smoker"). (ECF No. 1-1). Tri-City Claims that:

> The smoker [Tri-City] purchased did not comply with the specifications and warranties provided by [] BrilTran. [] BrilTran did not comport to the agreement that there would be a REICH/BrilTran technicians [sic] installing the smoker and

> due to that, [BrilTran] improperly installed the smoker [Tri-City] purchased. [Tri-City] paid for the smoker that did not conform to the terms that were agreed upon and therefore [] BrilTran breached the contract resulting in significant damages to [Tri-City].

(ECF No. 76, PageID.1334–35). In its FAC, Tri-City claims that the negotiated purchase price of the smoker was $209,000. (ECF No. 7; ECF No. 1-1, PageID.87–88). In its motion for default judgment and response to the Court's Order for Supplemental Briefing, Tri-City asks the Court for damages relating to Count I of its FAC. (ECF No. 7, PageID.210; ECF No. 76, PageID.1334–35). At the April 11, 2024, evidentiary hearing, Tri-City asked the Court to award economic damages relating to Count I for the following:

  a. $209,000 for the cost of the smoker;

  b. $1,000 for the cost of the smokehouse rods;

  c. $18,800 for the cost of smokehouse trucks;

  d. $3,309.66 for the cost to repair of the rods;

  e. $150,000 for the cost of farming out work projected out for 3 years;

  f. $380,000 for the purchase of a new smoker;

  g. $1,195,440 for loss of contracts and products.

(4/11/24 Hr'g Tr.). Tri-City has failed to provide the court with any legal analysis or caselaw in support of the same, and has thus left it to the Court to make a determination as to damages.

Under MCL §§ 440.2714–2715, Tri-City is entitled to damages for BrilTran's breach, as well as any incidental and consequential damages. Tri-City is therefore entitled to an award of the above-claimed incidental and consequential damages, with the exception of the $380,000 for a new smoker. An award of damages including $209,000 for the cost of the smoker purchased from BrilTran would make Tri-City whole. However, *also* awarding Tri-City $380,000 for the purchase

5

of a *new* smoker would constitute a windfall beyond what is necessary to make Tri-City whole. The Court therefore declines to award Tri-City breach of contract damages against BrilTran for a new smoker.

The Court further declines to award damages for any of the further duplicative claims under Counts II–V. While Tri-City is proceeding under multiple counts, it is not entitled to double recovery of damages. *U.S. ex rel. Augustine v. Century Health Servs., Inc.*, 289 F.3d 409, 417 (6th Cir. 2002) (("[T]he election-of-remedies doctrine is properly invoked to prevent a double recovery based on two causes of actions that arose from the same wrong.") (citing *Hickson Corp. v. Norfolk S. Ry. Co.*, 260 F.3d 559, 566–67 (6th Cir. 2001)).

The Court therefore **GRANTS** Tri-City's motion for default judgment as to its breach of contract claim (Count I) against BrilTran, and awards Tri-City damages in the amount of $1,577,549.66, relating to that claim.

Further, the Court **DENIES** Tri-City's motion for default judgment as to Counts II–V and declines to award any damages related to those claims.

## B. Tri-City's Request for Default Judgment and Damages Relating to its Negligence Claim (Count VI)

Next, Tri-City claims it is entitled default judgment and damages related to BrilTran's negligence under Count VI of its FAC. (ECF No. 7, PageID.219; ECF No. 76, PageID.1337–38). In its response to the Court's Order for Supplemental Briefing, Tri-City Claims that:

> [] BrilTran represented itself to [Tri-City] as being an agent for Defendant REICH and having skilled employees in installation and servicing of REICH smokers. That there was a duty to properly install and provide expertise in the installation and operation of the smoker and [] BrilTran breached its duty by failing to properly install the smoker, failing to have accurate information as to third party contractors, failing to pay Defendant REICH for the smoker, misrepresenting [] BrilTran's credentials as a skilled installer of REICH smokers, and abandoning [Tri-City] and failing to complete the installation until the smoker was fully operational.

(ECF No. 76, PageID.1337–38).

At the April 11, 2024, evidentiary hearing, Tri-City asked the Court to award economic damages relating to Count VI for the following:

    a. $26,310.16 for cost of new refrigeration system needed;

    b. $85,722 for cost of total rewiring needed for the smoker; and

    c. $28,408.80 for loss of product thrown out.

However, "under Michigan law, a defendant acting pursuant to a contract is liable in tort only if he or she 'owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations.'" *Indus Concepts & Eng'g, LLC v. Superb Indus., Inc.*, No. 15-CV-13150, 2016 WL 3913711, at *7 (E.D. Mich. July 20, 2016) (citing *Ram Int'l. Inc. v. ADT Security Services, Inc.*, 555 Fed.Appx. 493, 497 (6th Cir. 2014)). Here, Tri-City is claiming damages relating to the contracted sale and installation of the smoker, which are not "separate and distinct" from BrilTran's contractual obligations. Therefore, BrilTran cannot be liable for such a negligence claim when the claim directly relates to its contractual obligations.

Tri-City's motion for default judgment as to Count VI is therefore **DENIED**. Further, Tri-City not entitled to an award of the above-claimed damages for negligence under Count VI.

## CONCLUSION & ORDER

As explained above, the Court concludes that Tri-City's motion for default judgment is **GRANTED** as to Count I, and that Tri-City is entitled to damages related to that claim in the amount of **$1,577,549.66**.

However, Tri-City's motion for default judgment against BrilTran as to Counts II–VI is **DENIED and DISMISSED** with prejudice and Tri-City is not entitled to any damages related to those counts.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 24, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 24, 2024, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager